## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

NEXTERA ENERGY RESOURCES,  )
LLC, and NEXTERA ENERGY  )
SEABROOK, LLC,  )
                  )
       Petitioners,  )
                  )
v.  )     No. 23-1094
                  )
FEDERAL ENERGY  )
REGULATORY COMMISSION,  )
                  )
       Respondent.  )
                  )

## PETITIONERS' NON-BINDING STATEMENT OF ISSUES

Pursuant to the Court's April 6, 2022 Order, Petitioners NextEra Energy Resources, LLC ("NextEra Resources") and NextEra Energy Seabrook, LLC ("Seabrook") (collectively "NextEra") state the following issues to be reviewed by this Court:

1.      Whether the Federal Energy Regulatory Commission ("Commission") acted arbitrarily and capriciously, contrary to law, and in excess of statutory jurisdiction, authority, or limitations in ordering Seabrook to replace and enlarge the generator circuit breaker at Seabrook Station in order to accommodate NECEC Transmission, LLC ("NECEC"). *See, e.g.*, 16 U.S.C. § 824(b)(1); *Atl. City Elec. Co. v. FERC*, 295 F.3d 1, 8 (D.C. Cir. 2002) ("In the absence of statutory

1

authorization for its act, an agency's 'action is plainly contrary to law and cannot stand.'").

2.     Whether the Commission acted arbitrarily and capriciously, contrary to law, and in excess of statutory jurisdiction, authority, or limitations in requiring Seabrook to under-recover the costs and to bear all of the outage risk of replacing the Seabrook Station generator circuit breaker on NECEC's behalf.  *See, e.g.*, 16 U.S.C. § 824(b)(1); *Pac. Gas & Elec. Co. v. FERC*, 373 F.3d 1315, 1320 (D.C. Cir. 2004) (finding that the Commission's "imposition of additional charges [outside the filed rate] … directly violates the filed-rate doctrine or the rule against retroactive ratemaking").

3.     Whether the Commission acted arbitrarily and capriciously in requiring Seabrook to subsidize later entrants by paying again for deliverability rights it has already fully paid for, thereby departing without reasoned explanation from longstanding precedent.  *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 57 (1983) ("[A]n agency changing its course must supply a reasoned analysis.") (internal quotations omitted).

Petitioners reserve the right to modify or supplement this non-binding statement of issues.

Respectfully submitted,

*/s/ John N. Estes III*
John N. Estes III
Matthew E. Price
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
jestes@jenner.com
mprice@jenner.com

*Counsel for NextEra Energy Resources,*
*LLC and NextEra Energy Seabrook, LLC*

May 8, 2023

## **CERTIFICATE OF SERVICE**

I certify that on May 8, 2023, I caused the foregoing to be served via the Court's CM/ECF system.

*/s/ John N. Estes III*
John N. Estes III